## THE BELOS.

### No. A–15490.

District Court, E. D. New York.

Oct. 26, 1938.

J. Arthur Seidman, of New York City (John Winans, of New York City, of counsel), for libelant.

Haight, Griffin, Deming & Gardner, of New York City (Edgar R. Kraetzer, of New York City, of counsel), for claimant.

BYERS, District Judge.

This is a motion for an order dismissing the libel, and was heard on September 28, 1938.

For some unexplained reason, the affidavits in opposition, verified September 23, 1938, were not filed until October 24th.

Apparently the libelant was employed by the Jarka Corporation as a longshoreman and was injured during the course of his employment.

The moving affidavit, verified September 13, 1938, being by a member of the firm of proctors for the claimant of the S/S Belos, alleges:

"Deponent is further informed and verily believes that The Jarka Corporation is self-insurer under the Longshoremen's & Harbor Workers' Compensation Act [33 U.S.C.A. §§ 901–950] and that, as employer of the libelant and self-insurer, The Jarka Corporation duly reported said accident to the United States Employees' Compensation Commission and thereafter paid to the libelant herein compensation from January 19, 1938, to May 11, 1938, at the rate of $18.00 per week, and that the libelant herein accepted said sum as compensation under and pursuant to the provisions of said Longshoremen's & Harbor Workers' Compensation Act. * * *"

This is deemed such an election to accept compensation as to entitle the claimant to the dismissal of the libel.

The libelant's affidavit, verified September 23, 1938, contains the following:

"I have never made application for compensation under the United States Longshoremen's and Harbor Workers' Compensation Law, nor under the Compensation Law of any state, territory, possession or place; no award of compensation has ever been made to me and I have never knowingly received any money or other payment as and for compensation under any of said compensation laws, as a

result of any proceeding, award *or other action.*" (Italics supplied.)

It was stated to counsel on the argument that the court could not decide this motion so long as there was any dispute as to the facts, and the quotations from the opposing affidavits indicate that there is no clear basis of fact which would sustain a decision at this time.

Accordingly it is thought that the motion to dismiss the libel should not be decided until the cause is brought to trial and the precise facts are revealed.

The condition of the Admiralty calendar is such that the controversy can be speedily reached for trial and disposition, and the motion will therefore be denied without prejudice to the right of the claimant to renew it at the trial.

Settle order.